UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

        Plaintiff,

        v.                                  Case No. 10-C-0318

JUDGE ADELMAN,
JUDGE GORENCE,
FRANK EASTERBROOK,
ANN CLAIRE WILLIAMS,
EXECUTIVE COMMITTEE,
CLERK'S OFFICE US DISTRICT COURT,
EASTERN 7TH DISTRICT OF APPEALS

        Defendants.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915(e)

Plaintiff, Mary Antoinette Robinson, has filed a *pro se* complaint against defendant Chase Bank on April 14, 2010, as well as a petition and affidavit to proceed without prepayment of fees and costs. A district court may authorize a plaintiff to proceed in forma pauperis, meaning that the plaintiff does not have to prepay the $350 filing fee to commence the lawsuit, if the person submits an affidavit setting forth the assets she possesses, indicating that she is unable to pay the fees, and stating her belief that she is entitled to redress. Title 28 U.S.C. § 1915(a).

Robinson's affidavit states that she is not incarcerated, unemployed, unmarried and does not have any legal dependants. She further asserts that (1) she owns a 1993 Buick Roadmaster;[1] (2) she does not own a residence; (3) she has a bank account with a balance of $30.00; (4) she has no valuable tangible or intangible property; (4) she states that she has no monthly income or monthly expenses. Under the Other Circumstances section

---

[1] The court considers Robinson's car an illiquid asset.

of the affidavit, Robinson states the following: "Unemployed & Indigent [sic] & now living back with my Indigent [sic] father & on his pension. I get gamp health from county & foodstamp's [sic] to eat on, I'm poor & suing probation parole in Memphis TN for miscellanous [sic] reason's [sic], see all filing 3's on Docket." Pet. and Aff. to Proceed Without Prepayment of Fees and/or Costs at 5. Therefore, based on Robinson's affidavit, the court is satisfied that she meets the requirements for proceeding in forma pauperis in this case.

However, the inquiry does not end with this finding. Under 28 U.S.C. § 1915, the court conducts an initial review of the plaintiff's claims and will dismiss an action if it finds that (1) it is frivolous or malicious, (2) the complaint fails to state a claim on which relief may be granted, or (3) the plaintiff seeks damages from a defendant who is immune from such relief. Title 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. While Robinson need not plead particular legal theories or particular facts in order to state a claim, the complaint must contain a short and plain statement of the claim that will give the defendant fair notice of what Robinson's claim is and the grounds upon which it rests. *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). Accepting a plaintiffs' allegations as true, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Robinson's complaint alleges the following: "My complaint is Based [sic] on Welfare of my life & my rights as a pro se litegant [sic]. ... I'm suing for selective services, I'm poor & the judge's [sic] keep denying me & customer challenge, knowing I'm Indigent [sic]

2

& these judges keep refusing my claim & all of them happened back to back. Freedom of information to know about Pro Bono assignment counsel & Clerk's [sic] giving me a hard." Compl. at 3. Further confusing information is included, but it appears that Robinson's complaint stems from two civil actions which were dismissed by Judges Adelman and Stadtmueller and the court's refusal to make copies for her. Robinson demands "10 million in compensation for my run around your judges, secretary & clerks have given me, among other thing listed in all of my Docket No. Mention in on [sic] this complaint." *Id.* at 6.

As Robinson is proceeding *pro se*, the court must construe her complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Even so and assuming these allegations are true, it is clear that this court lacks jurisdiction to grant Robinson's request, as she fails to state a claim under any federal law or the United States Constitution.

As an initial matter, it is clear that 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and (iii) require that this case be dismissed for failure to state a claim upon which relief may be granted as it is barred by the doctrine of judicial immunity. Robinson is suing Judges Adelman, Gorence, Easterbrook and Williams, as well as the Executive Committee, Clerk's Office U.S. District Court and Eastern 7th District of Appeals.[2] "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). A judge is not liable in civil actions for his or her judicial acts unless the judge has acted in the clear absence of jurisdiction. Moreover, a judge will not be deprived of immunity if the action was in error, was done maliciously, or was in excess of authority, even if the

---

[2] The court is confused as to the exact identity of these entities, however, they appear to be judicial and quasi-judicial entities involved in Robinson's prior civil cases.

3

exercise of authority was flawed by grave procedural errors. *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 and 359 (1978)).[3] Taking all of the assertions in the complaint in Robinson's favor, her allegations concern the actions of judges who are immune from civil liability for their rulings. Hence, the time for dismissal of this case is now, before anymore effort is undertaken by defendants who are immune from relief.

To the extent that Robinson is asserting claims against the Clerk's Office of the U.S. District Court that may not be covered by the doctrine of quasi-judicial immunity, she fails to set forth facts which may entitle her to relief under any federal law or provision of the United States Constitution. Finally, Robinson does not present facts which entitle her to any relief based on the Freedom of Information Act. *See* 5 U.S.C. § 552.

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii),

IT IS ORDERED that the petition to proceed in forma pauperis is granted.

IT IS FURTHER ORDERED that this case is dismissed for failure to state a claim.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE

---

[3] *See also Smith v. City of Hammond*, 388 F.3d 304, 307 (7th Cir. 2004) (stating that "nor can the absolute immunity of a judge be got round by suing his employer (in this case the Hammond city court) on a theory of respondeat superior...").

4